# EXHIBIT A

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MENZIES AVIATION (USA) INC., a Delaware corporation;
AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware
corporation; (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD DOUGLASS, an individual, on behalf of himself, and on
behalf of all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/16/2023** at 10:11:42 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California -  San Diego - Hall of Justice Courthouse
330 West Broadway
San Diego, CA 92101

| CASE NUMBER: *(Número del Caso):* | 37-2023-00049985-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shani O. Zakay, Esq.     SBN:277924     Tel: (619) 255-9047  Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE: 11/17/2023 *(Fecha)* | Clerk, by J. Walters *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Print This Form    Clear This Form

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| _Richard Douglass v. Menzies Aviation (USA) Inc. | |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AIR MENZIES INTERNATIONAL (USA) INC., a Delaware corporation; and DOES 1-50, Inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CEB
www.ceb.com

1

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)

2
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)

3
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121

4
Telephone: (619)255-9047
Facsimile: (858) 404-9203

5
shani@zakaylaw.com

6
jackland@zakaylaw.com
julieann@zakaylaw.com

7

**JCL LAW FIRM, APC**

8
Jean-Claude Lapuyade (State Bar #248676)
5440 Morehouse Drive, Suite 3600

9
San Diego, CA 92121

10
Telephone: (619) 599-8292
Facsimile: (619) 599-8291

11
jlapuyade@jcl-lawfirm.com

12
Attorneys for PLAINTIFF

13

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14

**IN AND FOR THE COUNTY OF SAN DIEGO**

15

16
RICHARD DOUGLASS, an individual, on
behalf of himself, and on behalf of all persons

17
similarly situated,

18
                                Plaintiff,

19
        v.

20
MENZIES    AVIATION    (USA)    INC.,    a
Delaware corporation; AIRCRAFT SERVICE

21
INTERNATIONAL,    INC.,    a    Delaware
corporation;    AIR    MENZIES

22
INTERNATIONAL (USA) INC., a Delaware
corporation; and DOES 1-50, Inclusive,

23

24
                            Defendants.

25

26

27

28

Case No:  37-2023-00049985-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR:**

1) UNFAIR COMPETITION IN VIOLATION
   OF CAL. BUS. & PROF. CODE §17200 *et
   seq*;
2) FAILURE TO PAY MINIMUM WAGES IN
   VIOLATION OF CAL. LAB. CODE §§
   1194, 1197 & 1197.1;
3) FAILURE TO PAY OVERTIME WAGES
   IN VIOLATION OF CAL. LAB. CODE §§
   510, *et seq*;
4) FAILURE TO PROVIDE REQUIRED
   MEAL PERIODS IN VIOLATION OF
   CAL. LAB. CODE §§ 226.7 & 512 AND
   THE APPLICABLE IWC WAGE ORDER;
5) FAILURE TO PROVIDE REQUIRED
   REST PERIODS IN VIOLATION OF CAL.
   LAB. CODE §§ 226.7 & 512 AND THE
   APPLICABLE IWC WAGE ORDER;

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/16/2023** at 10:11:42 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

**DEMAND FOR A JURY TRIAL**

PLAINTIFF RICHARD DOUGLASS ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## PRELIMINARY ALLEGATIONS

1. Defendant MENZIES AVIATION (USA) INC. ("Defendant Menzies Aviation") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant AIRCRAFT SERVICE INTERNATIONAL, INC. ("Defendant Aircraft Service International") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3. Defendant AIR MENZIES INTERNATIONAL (USA) INC. ("Defendant Air Menzies International") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

4. Defendant Menzies Aviation, Defendant Aircraft Service International and Defendant Air Menzies International were the joint employers of PLAINTIFF as evidenced by the documents issued to PLAINTIFF and by the company PLAINTIFF performed work for respectively and are therefore jointly responsible as employers for the conduct alleged herein as "DEFENDANTS" and/or "DEFENDANT."

5. DEFENDANT provides aircraft services in the state of California, including in the county of San Diego, where PLAINTIFF worked.

**CLASS ACTION COMPLAINT**

6.      PLAINTIFF was employed by DEFENDANTS in California from December of 2021 to January of 2022 as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

7.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all persons who are or previously were employed by Defendant Menzies Aviation and/or Defendant Aircraft Service International and/or Defendant Air Menzies International in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").  The amount in controversy for the aggregate claim of the CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

8.       PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to lawfully compensate these employees. DEFENDANTS' uniform policy and practice alleged herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANTS retained and continue to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

9.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sues these DEFENDANTS by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are

**CLASS ACTION COMPLAINT**

ascertained. PLAINTIFFS is informed and believes, and based upon that information and belief alleges, that the DEFENDANTS named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

11.     DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of the PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

12.     DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

13.     DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

14.     PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and

**CLASS ACTION COMPLAINT**

other members of the CALIFORNIA CLASS who has been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS operate in locations across California, employ the CALIFORNIA CLASS across California, including in this County, and committed the wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

## THE CONDUCT

17.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal and rest premiums at the regular rate of pay, failed to pay PLAINTIFF and other CALIFORNIA CLASS Members redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and

practices are intended to purposefully avoid the accurate and full payment for all time worked as required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors who comply with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted accordingly.

**A.**  **Meal Period Violations**

18.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS were required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  From time to time during the CLASS PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANTS' control.  Specifically, DEFENDANTS required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. Indeed, there were many days where PLAINTIFF did not even receive a partial lunch.  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates.  DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business records.

19.    From time to time during the CLASS PERIOD, as a result of their rigorous work schedules and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANTS for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by

DEFENDANTS to work ten (10) hours of work.  The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for the limited and narrowly construed "on-duty" meal period exception.  When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and on call.  Further, DEFENDANTS from time to time required PLAINTIFF and other CALIFORNIA CLASS Members to maintain cordless communication devices in order to receive and respond to work-related communications during what was supposed to be their off-duty meal breaks.  DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANTS' business records. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing, PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

**B. <u>Rest Period Violations</u>**

20.     From time to time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work requirements and DEFENDANTS' inadequate staffing. Further, for the same reasons, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to on duty and/or on call. Further, DEFENDANTS from time to time required PLAINTIFF and other CALIFORNIA CLASS Members to maintain cordless communication devices in order to receive and respond to work-related communications during what was supposed to be their off-duty rest breaks. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu*

**CLASS ACTION COMPLAINT**

thereof. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANTS' managers.

**C. Unreimbursed Business Expenses**

21. DEFENDANTS as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

22. In the course of their employment, DEFENDANTS required PLAINTIFF and other CALIFORNIA CLASS Members to incur personal expenses for the use of their personal cell phones, vehicles, computers and home internet, as a result of and in furtherance of their job duties. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their personal cell phones, vehicles, computers and home internet in order to perform work related tasks. However, DEFENDANTS unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for the use of their personal cell phones, vehicles, computers and home internet. As a result, in the course of their employment with DEFENDANTS, the PLAINTIFF and other CALIFORNIA CLASS Members incurred unreimbursed business expenses that included, but were not limited to, costs related to the use of their personal cell phones, vehicles, computers and home internet, all on behalf of and for the benefit of DEFENDANT.

/ / /

**CLASS ACTION COMPLAINT**

### D.  Wage Statement Violations

23.    California Labor Code Section 226 required an employer to furnish its employees and accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of the employee's social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurately for missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements which failed to show, among other things, all deductions, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate, correct rates of pay for penalty payments or missed meal and rest periods.  Further, from time to time, DEFENDANTS issued wage statements that included items such as vacation pay, meal break penalties, sick pay and double-counted shift differential payments into the calculation for total hours worked, in violation of Cal. Lab. Code § 226(a)(2).

25.    In addition to the foregoing, DEFENDANTS, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with Cal. Lab. Code § 226.

26.    As a result, DEFENDANTS issued PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.  Further, DEFENDANTS' violations are knowing and intentional, were not isolated due to an unintentional payroll error due to clerical or inadvertent mistake.

/ / /

**E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

27.    During the CLASS PERIOD, from time-to-time DEFENDANTS failed and continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS for all hours worked.

28.    During the CLASS PERIOD, from time-to-time DEFENDANTS required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work, including but not limited to, time spent fueling aircrafts, assisting with emergencies, inspecting for safety issues, conducting security sweeps of the premises, and submitting reports. This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to work while off-the-clock.

29.    DEFENDANTS directed and directly benefited from the undercompensated off-the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS Members.

30.    DEFENDANTS controlled the work schedules, duties, and protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANTS were able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.    DEFENDANTS' policies and practices deprived PLAINTIFF and the other CALIFORNIA CLASS Members of all minimum regular, overtime, and double time wages owed for the off-the-clock work activities.  Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime pay.

/ / /

34. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANTS' direction, control, and benefit for the time spent working while off-the-clock. DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

**F.** **Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Redeemed Sick Pay**

36. From time to time during the CLASS PERIOD, DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS Members for their overtime and double time hours worked, meal and rest period premiums, and redeemed sick pay. As a result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and redeemed sick pay rates. DEFENDANTS' uniform policy and practice not to pay the CALIFORNIA CLASS Members at the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANTS' business records.

37. State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38. The second component of PLAINTIFF'S and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANTS. The non-discretionary bonus program provided all employees

paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.   However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, double time, paid meal and rest period premium payments, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked.  Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a systematic underpayment of overtime and double time compensation, meal and rest period premium payments, and redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANTS.  Specifically, California Labor Code Section 246 mandates that paid sick time for non-exempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or not the employee actually works overtime in that workweek.  DEFENDANTS' conduct, as articulated herein, by failing to include the incentive compensation as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the underpayment of which is recoverable under Cal. Lab. Code Sections 201, 202, 203, and/or 204.

40.   In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime and double time worked, meal and rest period premiums, and redeemed sick pay as required by California law which allowed DEFENDANTS to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling

operates to toll claims by the CALIFORNIA CLASS Members against DEFENDANTS, the CLASS PERIOD should be adjusted accordingly.

**G. Unlawful Deductions**

41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF and CALIFORNIA CLASS Members' pay without explanations and without authorization to do so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result, DEFENDANTS violated Labor Code § 221.

**H. Timekeeping Manipulation**

42.    During the CLASS PERIOD, DEFENDANTS, from time-to-time, did not have an immutable timekeeping system to accurately record and pay PLAINTIFF and other members of the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the CALIFORNIA CLASS worked each day, including regular time, overtime hours, sick pay, meal and rest breaks. As a result, DEFENDANT was able to and did in fact, unlawfully, and unilaterally alter the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees for all hours worked, applicable overtime compensation, applicable sick pay, missed meal breaks and missed rest breaks.

43.    As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from time-to-time, forfeited time worked by working without their time being accurately recorded and without compensation at the applicable pay rates.

44.    The mutability of the timekeeping system also allowed DEFENDANTS to alter employee time records by recording fictitious thirty (30) minute meal breaks in DEFENDANTS' timekeeping system so as to create the appearance that PLAINTIFF and other members of the CALIFORNIA CLASS clocked out for thirty (30) minute meal break when in fact the employees were not at all times provided an off-duty meal break. This practice is a direct result of DEFENDANTS' uniform policy and practice of denying employees uninterrupted thirty (30) minute off-duty meal breaks each day or otherwise compensate them for missed meal breaks.

/ / /

45.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for all hours worked at DEFENDANTS' direction, control and benefit for the time the timekeeping system was inoperable.  DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

### I.  Unlawful Rounding Practices

46.    During the CALIFORNIA CLASS PERIOD, DEFENDANTS did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual time these employees worked each day, including overtime hours.  Specifically, DEFENDANTS had in place an unlawful rounding policy and practice that resulted in PLAINTIFFS and CALIFORNIA CLASS Members being undercompensated for all of their time worked. As a result, DEFENDANTS were able to and did in fact unlawfully, and unilaterally round the time recorded in DEFENDANTS' timekeeping system for PLAINTIFFS and the members of the CALIFORNIA CLASS in order to avoid paying these employees for all their time worked, including the applicable overtime compensation for overtime worked. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members, from time to time, forfeited compensation for their time worked by working without their time being accurately recorded and without compensation at the applicable overtime rates.

47.    Further, the mutability of DEFENDANTS' timekeeping system and unlawful rounding policy and practice resulted in PLAINTIFFS and CALIFORNIA CLASS Members' time being inaccurately recorded. As a result, from time to time, DEFENDANTS' unlawful rounding policy and practice caused PLAINTIFFS and CALIFORNIA CLASS Members to perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without receiving an off-duty meal break.

### J.  Violations for Untimely Payment of Wages

48.    Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their

employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

49.    Pursuant to Cal. Lab. Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to Cal. Lab. Code § 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS Members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of Cal. Lab. Code §§ 201 and 202. As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS Members whose employment ended during the CLASS PERIOD.

**K.  Sick Pay Violations**

50.    Cal. Labor Code Section 246 (a)(1) mandates that "An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section." Further, Cal. Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements. From time to time, DEFENDANT failed to have a policy or practice in place that provided PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick leave.

51.    California Labor Code Section 246(i) requires an employer to furnish its employees with written wage statements setting forth the amount of paid sick leave available. From time to time, DEFENDANT violated Cal. Lab. Code § 246 by failing to furnish PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting forth the amount of paid sick leave available.

52.    Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take

off duty meal and rest breaks and was not fully relieved of duty for his rest and meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANTS to work ten (10) hours of work. When DEFENDANTS provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be his off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice. Moreover, DEFENDANTS also provided PLAINTIFF with paystubs that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANTS also failed to reimburse PLAINTIFF for required business expenses related to the personal expenses incurred for the use of their personal cell phone, on behalf of and in furtherance of his employment with DEFENDANTS. To date, DEFENDANTS have not fully paid PLAINTIFF the minimum, overtime and double time compensation still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## CLASS ACTION ALLEGATIONS

53.    PLAINTIFF brings this Class Action on behalf of himself, and a California class defined as all persons who are or previously were employed by Defendant Menzies Aviation and/or Defendant Aircraft Service International and/or Defendant Air Menzies International in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

54.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums, illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

55.    The members of the class are so numerous that joinder of all class members is impractical.

56.    Common questions of law and fact regarding DEFENDANTS' conduct, including but not limited to, off-the-clock work, unpaid meal and rest period premiums, failure to accurately calculate the regular rate of pay for overtime compensation, failure to accurately calculate the regular rate of compensation for missed meal and rest period premiums, failing to provide legally compliant meal and rest periods, failure to reimburse for business expenses, failure to provide accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a.    Whether DEFENDANT maintained legally compliant meal period policies and practices;

b.    Whether DEFENDANT maintained legally compliant rest period policies and practices;

c.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

d.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

e.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

f.    Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

g.    Whether DEFENDANT issued legally compliant wage statements;

h.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

i.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

j.  Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

57.  PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANTS' conduct and actions alleged herein.

58.  PLAINTIFF'S claims are typical of the claims of the CALIFORNIA CLASS, and PLAINTIFF has the same interests as the other members of the class.

59.  PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS Members.

60.  PLAINTIFF retained able class counsel with extensive experience in class action litigation.

61.  Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interest of the other CALIFORNIA CLASS Members.

62.  There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

63.  The questions of law and fact common to the CALIFORNIA CLASS Members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

**CLASS ACTION COMPLAINT**

64.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members in impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

a.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

b.    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

65.    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

**FIRST CAUSE OF ACTION**

**Unlawful Business Practices**

**(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

66.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

67.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

**CLASS ACTION COMPLAINT**

68.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

69.     By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

70.     By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

71.     By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods, failed to pay minimum and overtime wages owed, and failed to reimburse all necessary business expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

**CLASS ACTION COMPLAINT**

1    issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

2    restitution of wages wrongfully withheld.

3        72.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful,

4    unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the

5    other members of the CALIFORNIA CLASS to be underpaid during their employment with

6    DEFENDANTS.

7        73.    By the conduct alleged herein, DEFENDANTS' practices were also unfair and

8    deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to provide

9    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as

10    required by Cal. Lab. Code §§ 226.7 and 512.

11        74.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

12    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal

13    period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for

14    each workday in which a second off-duty meal period was not timely provided for each ten (10)

15    hours of work.

16        75.    PLAINTIFF further demands on behalf of himself and on behalf of each

17    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was

18    not timely provided as required by law.

19        76.    By and through the unlawful and unfair business practices described herein,

20    DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the

21    other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

22    has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

23    detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS

24    to unfairly compete against competitors who comply with the law.

25        77.    All the acts described herein as violations of, among other things, the Industrial

26    Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor

27    Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and

28

**CLASS ACTION COMPLAINT**

1  unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business

2  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

3      78.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

4  and do, seek such relief as may be necessary to restore to them the money and property which

5  DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the

6  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair

7  business practices, including earned but unpaid wages for all time worked.

8      79.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

9  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair,

10  and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

11  engaging in any unlawful and unfair business practices in the future.

12      PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

13  and/or adequate remedy at law that will end the unlawful and unfair business practices of

14  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a

15  result of the unlawful and unfair business practices described herein, PLAINTIFF and the other

16  members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal

17  and economic harm unless DEFENDANTS are restrained from continuing to engage in these

18  unlawful and unfair business practices.

19              **SECOND CAUSE OF ACTION**

20              **Failure To Pay Minimum Wages**

21              **(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

22  **Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

23      80.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

24  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

25  Complaint.

26      81.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim

27  for DEFENDANTS' willful and intentional violations of the California Labor Code and the

28

**CLASS ACTION COMPLAINT**

Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

82.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

83.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

84.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

85.    DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANTS' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

86.    DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

87.    In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS.  DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

88.    As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANTS.

/ / /

89. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

90. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

91. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under-compensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

92. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

93. PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have

**CLASS ACTION COMPLAINT**

terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members. DEFENDANTS' conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

## **THIRD CAUSE OF ACTION**

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 204, 510, 1194 and 1198)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

94. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

95. PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

96. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

97. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

98. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

/ / /

**CLASS ACTION COMPLAINT**

99.     During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time they worked, including overtime work.

100.  DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

101.  In committing these violations of the California Labor Code, DEFENDANTS inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members.  DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

102.   As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct overtime compensation for their time worked for DEFENDANTS.

103.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of California.

/ / /

104. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for overtime worked that they were entitled to, constituting a failure to pay all earned wages.

105. DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194, & 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work overtime, and did in fact work overtime as to which DEFENDANTS failed to accurately record and pay as evidenced by DEFENDANTS' business records and witnessed by employees.

106. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true amount of overtime they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

107. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were undercompensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay them for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct overtime wages for their overtime worked.

108. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal

rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

109.  Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS request recovery of overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein. DEFENDANTS' conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

## FOURTH CAUSE OF ACTION

### Failure To Provide Required Meal Periods

### (Cal. Lab. Code §§ 226.7 & 512)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

110.  PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

111.  During the CLASS PERIOD, DEFENDANTS failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANTS' business

**CLASS ACTION COMPLAINT**

records.    Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

112.  DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

113.  As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure To Provide Required Rest Periods

### (Cal. Lab. Code §§ 226.7 & 512)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

114.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

115.  From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu* thereof. As a result of their rigorous work schedules, PLAINTIFF and other

CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANTS and DEFENDANTS' managers. In addition, DEFENDANTS failed to compensate PLAINTIFF and other CALIFORNIA CLASS Members for their rest periods as required by the applicable Wage Order and Labor Code. As a result, DEFENDANTS' failure to provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required paid rest periods is evidenced by DEFENDANTS' business records.

116. DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

117. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

<u>**SIXTH CAUSE OF ACTION**</u>

**Failure To Provide Accurate Itemized Statements**

**(Cal. Lab. Code § 226)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

118. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

119. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a. Gross wages earned,

    b. (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

c.  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

d.  all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

e.  net wages earned,

f.  the inclusive dates of the period for which the employee is paid,

g.  the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than social security number may be shown on the itemized statement,

h.  the name and address of the legal entity that is the employer, and

i.  all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

120.  When DEFENDANTS did not accurately record PLAINTIFF'S and other CALIFORNIA CLASS Members' missed meal and rest breaks, or were paid inaccurate missed meal and rest break premiums, or were not paid for all hours worked, DEFENDANTS violated Cal. Lab. Code § 226 in that DEFENDANTS failed to provide PLAINTIFFS and other CALIFORNIA CLASS Members with complete and accurate wage statements which failed to show, among other things, all deductions, the accurate gross wages earned, net wages earned, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty payments or missed meal and rest periods.

121.  Further, from time to time, DEFENDANTS issued wage statements that included items such as vacation pay, meal break penalties, sick pay and double-counted shift differential payments into the calculation for total hours worked, in violation of Cal. Lab. Code § 226(a)(2).

122.  In addition to the foregoing, DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226.

**CLASS ACTION COMPLAINT**

123. DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein).

## SEVENTH CAUSE OF ACTION

### Failure To Pay Wages When Due

### (Cal. Lab. Code § 203)

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

124. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

125. Cal. Lab. Code § 200 provides that:

As used in this article:

(d) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(e) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the to be paid for is performed personally by the person demanding payment.

126. Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

127. Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

128.    There was no definite term in PLAINTIFFS' or any CALIFORNIA CLASS Members' employment contract.

129.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

130.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANTS have not tendered payment of wages to these employees who missed meal and rest breaks, as required by law.

131.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## <u>EIGHTH CAUSE OF ACTION</u>

### **Failure To Reimburse Employees for Required Expenses**

### **(Cal. Lab. Code §§ 2802)**

### **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

132.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

133.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

134. From time to time during the CLASS PERIOD, DEFENDANTS violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANTS' benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, the use of their personal cell phones, vehicles, computers and home internet, all on behalf of and for the benefit of DEFENDANTS. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANTS to use their personal cell phones, vehicles, computers and home internet to execute their essential job duties on behalf of DEFENDANTS. DEFENDANTS' uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses resulting from the use of their personal cell phones, vehicles, computers and home internet within the course and scope of their employment for DEFENDANTS. These expenses were necessary to complete their principal job duties. DEFENDANTS are estopped by DEFENDANTS' conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANTS failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

135. PLAINTIFF therefore demand reimbursement for expenditures or losses incurred by him and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANTS, or their obedience to the directions of DEFENDANTS, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

**CLASS ACTION COMPLAINT**

a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

c. An order requiring DEFENDANTS to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

d. Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS' violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA CLASS:

a. That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

b. Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

c. Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

d. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226

e. The wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

**CLASS ACTION COMPLAINT**

f. The amount of the expenses PLAINTIFF and each member of the CALIFORNIA CLASS incurred in the course of their job duties, plus interest, and costs of suit.

3. On all claims:

a. An award of interest, including prejudgment interest at the legal rate;

b. Such other and further relief as the Court deems just and equitable; and

c. An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, § 246 and/or § 1194.

DATED: November 15, 2023                     **ZAKAY LAW GROUP, APLC**

By:_____
                     Shani O. Zakay
                     Attorney for Plaintiff

## **DEMAND FOR A JURY TRIAL**

PLAINTIFFS demands a jury trial on issues triable to a jury.

DATED: November 15, 2023                     **ZAKAY LAW GROUP, APLC**

By:_____
                     Shani O. Zakay
                     Attorney for Plaintiff

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Shani O. Zakay, Esq. (SBN 277924)
Zakay Law Group, APLC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
TELEPHONE NO.: (619) 255-9047   FAX NO.: (858) 404-9203
ATTORNEY FOR *(Name):* Richard Douglass

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Richard Douglass v. Menzies Aviation (USA) Inc. et. al.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/16/2023** at 10:11:42 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2023-00049985-CU-OE-CTL |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Katherine Bacal DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 15, 2023
Shani O. Zakay, Esq.
_____
(TYPE OR PRINT NAME)                                   ▶ _____
                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7069 |

| PLAINTIFF(S) / PETITIONER(S): | Richard Douglass |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | MENZIES AVIATION USA INC et.al. |
|---|---|

DOUGLASS VS MENZIES AVIATION USA INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2023-00049985-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Katherine Bacal                                    Department: C-69

## COMPLAINT/PETITION FILED: 11/16/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/19/2024 | 09:30 am | C-69 | Katherine Bacal |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Shani O. Zakay, Esq. (SBN 277924)
FIRM NAME: Zakay Law Group, APLC
STREET ADDRESS: 5440 Morehouse Drive, Suite 3600
CITY: San Diego    STATE: CA    ZIP CODE: 92101
TELEPHONE NO.: (619) 255-9047    FAX NO.:
E-MAIL ADDRESS: liz@zakaylaw.com
ATTORNEY FOR (Name): Richard Douglass

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/18/2023** at 11:19:00 PM
Clerk of the Superior Court
By E- Filing,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

Plaintiff/Petitioner: RICHARD DOUGLASS
Defendant/Respondent: MENZIES AVIATION (USA) INC., et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 37-2023-00049985-CU-OE-CTL |
|---|---|

TO (insert name of party being served): AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 27, 2023    [via electronic service]

Elizabeth Flores
(TYPE OR PRINT NAME)

*Elizabeth Flores*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   1. Civil Case Cover Sheet
   2. ADR Packet
   3. Notice of Case Management

**(To be completed by recipient):**

Date this form is signed: December 18, 2023

Kaleb N. Berhe
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Shani O. Zakay, Esq. (SBN 277924)
FIRM NAME: Zakay Law Group, APLC
STREET ADDRESS: 5440 Morehouse Drive, Suite 3600
CITY: San Diego    STATE: CA    ZIP CODE: 92101
TELEPHONE NO.: (619) 255-9047    FAX NO.:
E-MAIL ADDRESS: liz@zakaylaw.com
ATTORNEY FOR (Name): Richard Douglass

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/18/2023** at 11:19:00 PM

Clerk of the Superior Court
By E- Filing, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

Plaintiff/Petitioner: RICHARD DOUGLASS
Defendant/Respondent: MENZIES AVIATION (USA) INC., et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2023-00049985-CU-OE-CTL |
|---|---|

TO (insert name of party being served): AIR MENZIES INTERNATIONAL (USA) INC., a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 27, 2023    [via electronic service]

Elizabeth Flores
(TYPE OR PRINT NAME)

*Elizabeth Flores*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

    1. Civil Case Cover Sheet
    2. ADR Packet
    3. Notice of Case Management

*(To be completed by recipient):*

Date this form is signed: December 18, 2023

Kaleb N. Berhe
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

1  CHRISTOPHER WARD, CA Bar No. 238777
      cward@foley.com
2  KALEB N. BERHE, CA Bar No. 302080
      kberhe@foley.com
3  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
4  LOS ANGELES, CA 90071-2418
   TELEPHONE:  213.972.4500
5  FACSIMILE:   213.486.0065

6  Attorneys for Defendants MENZIES AVIATION
   (USA) INC., AIRCRAFT SERVICE
7  INTERNATIONAL, INC., and AIR MENZIES
   INTERNATIONAL (USA) INC.

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11 RICHARD DOUGLASS, AN INDIVIDUAL, ON        CASE NO: 37-2023-00049985-CU-OE-CTL
   BEHALF OF HIMSELF, AND ON BEHALF OF ALL
12 PERSONS SIMILARLY SITUATED,               **DEFENDANTS MENZIES AVIATION (USA)
                                             INC., AIRCRAFT SERVICE
13               PLAINTIFF,                  INTERNATIONAL, INC., AND AIR MENZIES
                                             INTERNATIONAL (USA) INC.'S ANSWER
14        V.                                 TO PLAINTIFF'S COMPLAINT**

15 MENZIES AVIATION (USA) INC., A DELAWARE
   CORPORATION; AIRCRAFT SERVICE            CASE FILED: NOVEMBER 16, 2023
16 INTERNATIONAL, INC., A DELAWARE          JUDGE:     HON. KATHERINE BACAL
   CORPORATION; AIR MENZIES                 DEPT.:     C-69
17 INTERNATIONAL (USA) INC., A DELAWARE
   CORPORATION; AND DOES 1-50, INCLUSIVE,
18
19               DEFENDANTS.
20
21
22
23
24
25
26
27
28

Defendants MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., and AIR MENZIES INTERNATIONAL (USA) INC. (collectively, "Defendants"), hereby answer the unverified Representative Action Complaint ("Complaint") filed by Plaintiff RICHARD DOUGLASS ("Plaintiff"), on behalf of the State of California as a private attorney general, on November 16, 2023, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants generally and specifically deny each and every allegation, statement, matter, and purported cause of action contained in the Complaint, and further denies that Plaintiff have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

In further answer to Plaintiff' Complaint, and as separate and distinct defenses, Defendants allege as follows:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each and every purported cause of action set forth therein alleged against Defendants, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

2.      Plaintiff's Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to state any claim upon which relief can be granted.

## THIRD DEFENSE

### (Statute of Limitations)

3.      Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations, including but not limited to common law; California Labor section Code 2699, et seq.

## FOURTH DEFENSE

### (Failure to Exhaust)

4.      Plaintiff has failed to meet his burden as the Complaint is barred by his failure to exhaust all administrative remedies and/or contractual remedies and/or is in improper forum, including, but not

4875-7148-2776.2

limited to those set forth in California Labor Code section 2699.3.

## FIFTH DEFENSE

### (Estoppel)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

### (Waiver)

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

### (Laches)

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH DEFENSE

### (Uncertainty)

8.      Plaintiff's claims are barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein.

## NINTH DEFENSE

### (No Damages or Injury)

9.      Plaintiff's claims are barred, in whole or in part, because he has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

## TENTH DEFENSE

### (Conduct Not Unfair)

10.      Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unfair within the meaning of California Business and Professions Code section 17200.  Additionally, the utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any alleged potential harm can be reasonably avoided.

///

///

4875-7148-2776.2

## ELEVENTH DEFENSE

### (Adequate Remedy at Law)

11.    Plaintiff's claims are barred, in whole or in part, because he is not entitled to a recovery of equitable relief due to the existence of an adequate remedy at law.

## TWELFTH DEFENSE

### (Unclean Hands)

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

### (Substantial Compliance)

13.    Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint were not unlawful, in that Defendants fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## FIFTEENTH DEFENSE

### (Setoff and Recoupment)

15.    Plaintiff's claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendants to Plaintiff, and/or all obligations of Plaintiff owed to Defendants, against any judgment that may be entered against Defendants.

## SIXTEENTH DEFENSE

### (Waiting Time Penalties)

16.    Plaintiff has failed to meet his burden inasmuch as the Complaint fails to state a claim for waiting time penalties under Section 203 of the California Labor Code, the existence of which is expressly denied.

4875-7148-2776.2

**SEVENTEENTH DEFENSE**

**(Conduct in Good Faith, Reasonable, Not Intentional or Willful)**

17.    Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries or damages and is not entitled to damages or penalties.

**EIGHTEENTH DEFENSE**

**(Excessive Fines)**

18.    An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

**NINETEENTH DEFENSE**

**(Not Appropriate for Class Action)**

19.    Plaintiff has failed to meet his burden inasmuch as Plaintiff's claims for a class action, the existence of which is expressly denied, including but not limited to being overly broad and unduly vague, are matters in which individual questions predominate, and Plaintiff does not adequately represent the class alleged in the Complaint.  Accordingly, the allegations are not appropriate for class action treatment.

**TWENTIETH DEFENSE**

**(Insufficient Similarity With Others and Desire to Join Action)**

20.    Plaintiff has failed to meet his burden inasmuch as Plaintiff cannot show a sufficient number of similarly situated individuals who have been harmed or desire to join this action (Defendants deny any exist).

**TWENTY-FIRST DEFENSE**

**(Numerosity)**

21.    Plaintiff has failed to meet his burden inasmuch as the Complaint fails, to the extent it asserts a class action, because the alleged class Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity.

4875-7148-2776.2

### TWENTY-SECOND DEFENSE

### (Claims Not Common or Typical)

22.     Plaintiff has failed to meet his burden inasmuch as the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-THIRD DEFENSE

### (Superiority)

23.     Plaintiff has failed to meet his burden inasmuch as a class is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

### TWENTY-FOURTH DEFENSE

### (Plaintiff's Own Acts)

24.     Any harm, damage, or injury suffered by Plaintiff is due to his own acts and omissions.

### TWENTY-FIFTH DEFENSE

### (After-Acquired Evidence)

25.     To the extent during the course of this litigation that Defendants acquire any evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims or damages as provided by law.

### TWENTY-SIXTH DEFENSE

### (Superseding Cause)

26.     Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants.  Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

### TWENTY-SEVENTH DEFENSE

### (Comparative Fault)

27.     Plaintiff did not exercise due caution or care with respect to the matters alleged in the

Complaint if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

## TWENTY-EIGHTH DEFENSE

### (Good Faith)

28.    Defendants acted in good faith and without malice or unlawful intent at all relevant times.

## TWENTY-NINTH DEFENSE

### (Lack of Causation)

29.    Plaintiff did not suffer any damages attributable to any actions of Defendants.

## THIRTIETH DEFENSE

### (No Proximate Cause)

30.    The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission of Defendants'.

## THIRTY-FIRST DEFENSE

### (Not Employer)

31.    Plaintiff's claims against Menzies Aviation (USA), Inc. and Air Menzies International (USA), Inc. fail as a matter of law because these entities did not employ him in any capacity.

## RESERVATION OF RIGHTS

Defendants reserve the right to rely upon any and all further defenses that become available or appear during discovery or practical proceedings in this action, and hereby specifically reserves the right to amend this Answer for the purpose of asserting additional defenses.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by his Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.    That Defendants be awarded reasonable attorneys' fees according to proof to the extent permitted by law;

4875-7148-2776.2

4.      That Defendants be awarded the costs of suit incurred herein; and

5.      That the Court award Defendants such other and further relief as it deems just and proper.


DATE: JANUARY 17, 2024                    FOLEY & LARDNER LLP
                                          CHRISTOPHER WARD
                                          KALEB N. BERHE


                                  By: _____
                                          CHRISTOPHER WARD
                                          Attorneys for Defendants MENZIES AVIATION
                                          (USA) INC., AIRCRAFT SERVICE
                                          INTERNATIONAL, INC., and AIR MENZIES
                                          INTERNATIONAL (USA) INC.

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300, Los Angeles, CA 90071-2418.

On January 17, 2024, I served the foregoing document(s) described as: **DEFENDANTS MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., AND AIR MENZIES INTERNATIONAL (USA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Shani O. Zakay
Jackland K. Hom
Julieann Alvarado
Zakay Law Group, APLC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619)255-9047
Facsimile:  (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

Jean-Claude Lapuyade
JCL Law Firm, APC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile:  (619) 599-8291
jlapuyade@jcl-lawfirm.com

*Attorneys for Plaintiff Richard Douglass*

 X      BY E-MAIL
         X     I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

 X      Executed on January 17, 2024, at Los Angeles, California.

 X      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
 X      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Vivian Hong

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 37-2023-00049985-CU-OE-CTL

4875-7148-2776.2