# EXHIBIT B

EXHIBIT B

CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
KALEB N. BERHE, CA Bar No. 302080
   kberhe@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendants MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., and AIR MENZIES INTERNATIONAL (USA) INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RICHARD DOUGLASS, AN INDIVIDUAL, ON BEHALF OF HIMSELF, AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>MENZIES AVIATION (USA) INC., A DELAWARE CORPORATION; AIRCRAFT SERVICE INTERNATIONAL, INC., A DELAWARE CORPORATION; AIR MENZIES INTERNATIONAL (USA) INC., A DELAWARE CORPORATION; AND DOES 1-50, INCLUSIVE,<br><br>DEFENDANTS. | CASE NO: 37-2023-00049985-CU-OE-CTL<br><br>**DEFENDANTS MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., AND AIR MENZIES INTERNATIONAL (USA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>CASE FILED: NOVEMBER 16, 2023<br>JUDGE:      HON. KATHERINE BACAL<br>DEPT.:       C-69 |

Defendants MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., and AIR MENZIES INTERNATIONAL (USA) INC. (collectively, "Defendants"), hereby answer the unverified Representative Action Complaint ("Complaint") filed by Plaintiff RICHARD DOUGLASS ("Plaintiff"), on behalf of the State of California as a private attorney general, on November 16, 2023, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants generally and specifically deny each and every allegation, statement, matter, and purported cause of action contained in the Complaint, and further denies that Plaintiff have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

In further answer to Plaintiff' Complaint, and as separate and distinct defenses, Defendants allege as follows:

## FIRST DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint, and each and every purported cause of action set forth therein alleged against Defendants, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

2. Plaintiff's Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to state any claim upon which relief can be granted.

## THIRD DEFENSE
### (Statute of Limitations)

3. Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations, including but not limited to common law; California Labor section Code 2699, et seq.

## FOURTH DEFENSE
### (Failure to Exhaust)

4. Plaintiff has failed to meet his burden as the Complaint is barred by his failure to exhaust all administrative remedies and/or contractual remedies and/or is in improper forum, including, but not

limited to those set forth in California Labor Code section 2699.3.

## FIFTH DEFENSE

### (Estoppel)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

### (Waiver)

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

### (Laches)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH DEFENSE

### (Uncertainty)

8. Plaintiff's claims are barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein.

## NINTH DEFENSE

### (No Damages or Injury)

9. Plaintiff's claims are barred, in whole or in part, because he has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

## TENTH DEFENSE

### (Conduct Not Unfair)

10. Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unfair within the meaning of California Business and Professions Code section 17200. Additionally, the utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any alleged potential harm can be reasonably avoided.

///

///

## ELEVENTH DEFENSE

### (Adequate Remedy at Law)

11. Plaintiff's claims are barred, in whole or in part, because he is not entitled to a recovery of equitable relief due to the existence of an adequate remedy at law.

## TWELFTH DEFENSE

### (Unclean Hands)

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

### (Substantial Compliance)

13. Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint were not unlawful, in that Defendants fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## FIFTEENTH DEFENSE

### (Setoff and Recoupment)

15. Plaintiff's claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendants to Plaintiff, and/or all obligations of Plaintiff owed to Defendants, against any judgment that may be entered against Defendants.

## SIXTEENTH DEFENSE

### (Waiting Time Penalties)

16. Plaintiff has failed to meet his burden inasmuch as the Complaint fails to state a claim for waiting time penalties under Section 203 of the California Labor Code, the existence of which is expressly denied.

**SEVENTEENTH DEFENSE**

**(Conduct in Good Faith, Reasonable, Not Intentional or Willful)**

17. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries or damages and is not entitled to damages or penalties.

**EIGHTEENTH DEFENSE**

**(Excessive Fines)**

18. An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

**NINETEENTH DEFENSE**

**(Not Appropriate for Class Action)**

19. Plaintiff has failed to meet his burden inasmuch as Plaintiff's claims for a class action, the existence of which is expressly denied, including but not limited to being overly broad and unduly vague, are matters in which individual questions predominate, and Plaintiff does not adequately represent the class alleged in the Complaint. Accordingly, the allegations are not appropriate for class action treatment.

**TWENTIETH DEFENSE**

**(Insufficient Similarity With Others and Desire to Join Action)**

20. Plaintiff has failed to meet his burden inasmuch as Plaintiff cannot show a sufficient number of similarly situated individuals who have been harmed or desire to join this action (Defendants deny any exist).

**TWENTY-FIRST DEFENSE**

**(Numerosity)**

21. Plaintiff has failed to meet his burden inasmuch as the Complaint fails, to the extent it asserts a class action, because the alleged class Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity.

**TWENTY-SECOND DEFENSE**

**(Claims Not Common or Typical)**

22. Plaintiff has failed to meet his burden inasmuch as the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

**TWENTY-THIRD DEFENSE**

**(Superiority)**

23. Plaintiff has failed to meet his burden inasmuch as a class is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

**TWENTY-FOURTH DEFENSE**

**(Plaintiff's Own Acts)**

24. Any harm, damage, or injury suffered by Plaintiff is due to his own acts and omissions.

**TWENTY-FIFTH DEFENSE**

**(After-Acquired Evidence)**

25. To the extent during the course of this litigation that Defendants acquire any evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims or damages as provided by law.

**TWENTY-SIXTH DEFENSE**

**(Superseding Cause)**

26. Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**TWENTY-SEVENTH DEFENSE**

**(Comparative Fault)**

27. Plaintiff did not exercise due caution or care with respect to the matters alleged in the

4875-7148-2776.2

Complaint if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

### TWENTY-EIGHTH DEFENSE

### (Good Faith)

28. Defendants acted in good faith and without malice or unlawful intent at all relevant times.

### TWENTY-NINTH DEFENSE

### (Lack of Causation)

29. Plaintiff did not suffer any damages attributable to any actions of Defendants.

### THIRTIETH DEFENSE

### (No Proximate Cause)

30. The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission of Defendants'.

### THIRTY-FIRST DEFENSE

### (Not Employer)

31. Plaintiff's claims against Menzies Aviation (USA), Inc. and Air Menzies International (USA), Inc. fail as a matter of law because these entities did not employ him in any capacity.

### RESERVATION OF RIGHTS

Defendants reserve the right to rely upon any and all further defenses that become available or appear during discovery or practical proceedings in this action, and hereby specifically reserves the right to amend this Answer for the purpose of asserting additional defenses.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;
3. That Defendants be awarded reasonable attorneys' fees according to proof to the extent permitted by law;

1  4.  That Defendants be awarded the costs of suit incurred herein; and

2  5.  That the Court award Defendants such other and further relief as it deems just and proper.

DATE: JANUARY 17, 2024

**FOLEY & LARDNER LLP**
CHRISTOPHER WARD
KALEB N. BERHE

By: _____
CHRISTOPHER WARD
Attorneys for Defendants MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., and AIR MENZIES INTERNATIONAL (USA) INC.

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300, Los Angeles, CA 90071-2418.

On January 17, 2024, I served the foregoing document(s) described as: **DEFENDANTS MENZIES AVIATION (USA) INC., AIRCRAFT SERVICE INTERNATIONAL, INC., AND AIR MENZIES INTERNATIONAL (USA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Shani O. Zakay<br>Jackland K. Hom<br>Julieann Alvarado<br>Zakay Law Group, APLC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>Telephone: (619)255-9047<br>Facsimile: (858) 404-9203<br>shani@zakaylaw.com<br>jackland@zakaylaw.com<br>julieann@zakaylaw.com | Jean-Claude Lapuyade<br>JCL Law Firm, APC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>Telephone: (619) 599-8292<br>Facsimile: (619) 599-8291<br>jlapuyade@jcl-lawfirm.com |

**Attorneys for Plaintiff Richard Douglass**

  X    BY E-MAIL
         X    I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

  X    Executed on January 17, 2024, at Los Angeles, California.

  X    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
  X    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Vivian Hong